CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 1 2 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EUGENE EDWARD WORLEY, <br> Petitioner, | Civil Action No. 7:06CV00073 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON, DIRECTOR <br> OF THE DEPARTMENT OF <br> CORRECTIONS, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Eugene Edward Worley, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is presently before the court on the respondent's motion to dismiss. The respondent argues that the petition is untimely. For the following reasons, I will grant the respondent's motion.

## BACKGROUND

On March 9, 2001, Worley was convicted of grand larceny in the Circuit Court for the City of Bristol, and sentenced to a term of imprisonment of two years. The Circuit Court suspended the entire sentence and placed Worley on probation for two years. On September 26, 2001, Worley was convicted of prescription drug fraud, and sentenced to another two-year term of imprisonment. The Circuit Court suspended the entire sentence and placed Worley on probation for one year.

On December 9, 2002, Worley was found in violation of his probation. The Circuit Court revoked the suspended sentence for the grand larceny conviction and required Worley to serve two months in jail. The balance of the sentence for that conviction was re-suspended. The Circuit Court stated that the two-year sentence for the drug fraud conviction "shall remain suspended and the defendant placed back on active probation for an additional one year from the

date of his release from custody." Worley was again found in violation of his probation on April 2, 2004. He was ordered to serve the balance of his suspended sentence on the grand larceny conviction and the entire suspended sentence for the drug fraud conviction.

Worley did not appeal the revocation of his suspended sentences. However, on November 7, 2005, Worley filed a petition for writ of habeas corpus in the Supreme Court of Virginia. By order entered January 18, 2006, the petition was dismissed as untimely, pursuant to Virginia Code § 8.01-654(A)(2). Worley executed the instant petition on January 23, 2006.

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the criminal judgment becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] In this case, the challenged revocation order was entered on April 2, 2004. Because Worley did not appeal the revocation order, it became final on May 3, 2004, the date on which his time to appeal expired.[2] As a result, Worley had until May 3,

---

[1] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1).
Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court will only consider the timeliness of the petition under subsection (A).

[2] Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Worley had thirty days to file a notice of appeal. The thirty-day period expired on May 2, 2004. However, because May 2, 2004 was a Sunday, Worley had until the following Monday, May 3, 2004, to file a notice of appeal. See Va. Code § 1-210(B) ("When the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday, or any day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly, the act may be performed on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly.").

2

2005 to file a timely petition under § 2254. Since Worley did not execute the instant petition until January 23, 2006, and he has not demonstrated any grounds for tolling the one-year period of limitation, Worley's petition is untimely.[3]

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 12th day of April, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[3] Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Worley filed his state habeas petition on November 7, 2005.